UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD DAVIS,<br><br>    Defendant. | Case No. 16-cv-06846-VC (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Plaintiff Steven Wayne Bonilla is a state prisoner who challenges the constitutionality of his criminal conviction in the Alameda County Superior Court. This case was filed as a civil rights case.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . . Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Skinner v. Switzer*, 562 U.S. 521, 524 (2011) (Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.* A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (dismissal without prejudice provides safeguard from rule against successive petitions preventing prisoner from having a federal court address all of his claims).

Because Bonilla challenges the lawfulness of his confinement, this case should be

brought as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Therefore, it is dismissed without prejudice to bringing it as a petition for a writ of habeas corpus.

The Clerk of the Court shall send Bonilla a blank copy of the Court's form for a petition for a writ of habeas, enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated:   December 8, 2016

_____
VINCE CHHABRIA
United States District Judge